■    In the Matter of the Claim of EDOARDO IMPELLIZZERI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from receiving benefits effective January 1, 1974 because he lost his employment through misconduct. The decision appealed from is supported by substantial evidence and must be affirmed *(Matter of Rivera [Levine]*, 47 AD2d 569). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.

■    In the Matter of the Claim of EARNESTINE OUTLAW, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board which disqualified claimant from receiving benefits on the ground she voluntarily left her employment without good cause. There is substantial evidence in the record to sustain the board's determination that claimant voluntarily quit her job without good cause. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.

■    In the Matter of the Claim of MARGARET A. BARNING, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 29, 1974, which disqualified claimant from receiving benefits on the ground she voluntarily left her employment without good cause. The record reveals questions of fact as to whether claimant left her employment for good cause and these issues were resolved against claimant. There is substantial evidence to support the board's decision and we should not disturb it. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.

■    In the Matter of the Claim of MIMI SPAET, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 18, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective August 28, 1974 because of a loss of employment for personal and noncompelling reasons. Claimant, who for a period of approximately six months prior to the termination of her employment had been in the practice of taking a few hours off biweekly to visit her mother in a nursing home, lost her employment when the employer was unable to permit her to take further time off during working hours. The record contains substantial evidence to support the conclusions of the board that claimant did not have to render any special care for her mother in the nursing home but that claimant refused to give up her practice of visiting during working hours. The finding that claimant could have visited her mother after working hours is also supported by substantial evidence. The conclusion that claimant lost her employment for noncompelling personal reasons must therefore be affirmed. Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.